E-filing

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SHANNON RILEY,

    Petitioner,

v.

CALIFORNIA DEPARTMENT OF
CORRECTIONS AND REHABILITATION,

    Respondent(s).

No. C-10-0115 TEH (PR)

ORDER TO SHOW CAUSE

I

Petitioner, a state prisoner incarcerated at Salinas Valley State Prison, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254. Doc. #1. Petitioner challenges his placement in administrative segregation following a disciplinary hearing finding him guilty of battery on an inmate. He has paid the $ 5.00 filing fee.

Petitioner challenged his placement in administrative segregation in the state courts until the Supreme Court of California denied his final state habeas petition on May 13, 2009. Doc. #1 at 103. The instant federal petition followed.

II

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

Petitioner seeks federal habeas corpus relief on the ground that the disciplinary finding that resulted in his placement in administrative segregation is not supported by the evidence. Petitioner further alleges he was denied the opportunity to present exculpatory evidence in violation of his right to due process. Liberally construed, these claims appear cognizable under 28 U.S.C. § 2254 and merit an Answer from Respondent. See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th. Cir 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

III

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve by certified mail a copy of this Order and the Petition, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this Order on Petitioner.

2. Respondent shall file with the Court and serve on

2

1  Petitioner, within sixty (60) days of the issuance of this Order, an
2  Answer conforming in all respects to Rule 5 of the Rules Governing
3  Section 2254 Cases, showing cause why a writ of habeas corpus should
4  not be granted.  Respondent shall file with the Answer and serve on
5  Petitioner a copy of all portions of the state trial record that
6  have been transcribed previously and that are relevant to a
7  determination of the issues presented by the Petition.
8        If Petitioner wishes to respond to the Answer, he shall do
9  so by filing a Traverse with the Court and serving it on Respondent
10 within thirty (30) days of his receipt of the Answer.
11       3.   In lieu of an Answer, Respondent may file a Motion to
12 Dismiss on procedural grounds, as set forth in the Advisory
13 Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.
14 If Respondent files such a motion, Petitioner shall file with the
15 Court and serve on Respondent an Opposition or Statement of
16 Non-Opposition within thirty (30) days of receipt of the motion, and
17 Respondent shall file with the Court and serve on Petitioner a Reply
18 within fifteen (15) days of receipt of any Opposition.
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28

4. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner also must keep the Court and all parties informed of any change of address.

IT IS SO ORDERED.

DATED   7/21/10

THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\HC.10\Riley-10-115-osc.wpd

4