1

2

3

4                    IN THE UNITED STATES DISTRICT COURT

5                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

6

7

8    SHANNON RILEY,                      No. C-10-0115 TEH (PR)

9               Petitioner,

10        v.                             ORDER DENYING PETITION FOR WRIT
                                         OF HABEAS CORPUS AND DENYING
11   CALIFORNIA DEPARTMENT OF            CERTIFICATE OF APPEALABILITY
     CORRECTIONS AND REHABILITATION
12   and RANDY GROUNDS, Warden,

13             Respondents.
     _____/

14

15

16        Petitioner Shannon Riley, an inmate incarcerated at

17   Salinas Valley State Prison (SVSP), has filed a <u>pro se</u> petition for

18   a writ of habeas corpus under 28 U.S.C. § 2254 challenging a

19   disciplinary hearing.  Doc. #1.  Respondents were ordered to show

20   cause why the writ should not be granted.[1]  Doc. #21.  Respondents

21   have filed an answer, along with a supporting memorandum of points

22   and authorities.  Doc. #32.  Petitioner has filed a traverse.[2]  Doc.

23   #35.  For the reasons set forth below, the petition for a writ of

24   habeas corpus is DENIED.

25   _____

26        [1]Pursuant to Rule 25(d)(1) of the Federal Rules of Civil
     Procedure, the Court substitutes current SVSP Warden Randy Grounds in
27   place of Defendant Warden F. Gonzalez.

28        [2]Petitioner's traverse is incorrectly titled, "Opposition to
     Respondents' Motion to Dismiss."

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

I

The following facts are taken from the exhibits submitted by Respondents and Petitioner.  On December 29, 2007, Petitioner received a Rules Violation Report (RVR) for battery on an inmate with no serious injury.  Petitioner was deemed a security threat and was placed in administrative segregation pending review of his case. The RVR was based upon the observations of Officer C. Riley who, while he was in the prison day room, observed Petitioner and Petitioner's cell-mate, Inmate Huffine, hitting Inmate Strandmore in the head and torso with their fists.  Inmate Strandmore was observed returning blows.  Instead of following Officer Riley's command to stop fighting, Petitioner continued to fight another inmate, Inmate McCalley.

Before Petitioner's disciplinary hearing, he was interviewed by K. Sinder, an investigative employee.  Petitioner told Sinder that, on the day in question, he was breaking up a fight between his cell mate and Inmate Strandmore and that he was not battering anyone.  The Investigative Employee Report (IER) quotes Petitioner as stating,

> [T]his was not a battery on I/M Strandmore.  It was a mutual combat between my cellie and I/M Strandmore.  I stepped in to break them up. Furthermore, had I engaged in any form of force and violence against either I/M McCalley or I/M Strandmore, surely I would have sustained some form of injury such as a scratch, abrasion, bruise or something, as my 7219 clearly shows I sustained no such injuries what so ever, there by proving through physical evidence I was not engaged in any force and violence.

Resps' Ex. 3, RVR, Part C, IER.

The IER report quotes Officer C. Riley as stating:

2

United States District Court
For the Northern District of California

1
2
3
4
5
6

> When I recalled day room I/M's Riley and Huffine approached I/M Strandmore and started hitting him with closed fist [sic].  I/M Strandmore began to strike back.  I ordered the inmates to get down with no results.  I fired from the 40mm Launcher and missed.  At this time I/M Riley ran toward I/M McCalley and they began fighting.  I fired from the 40mm again and hit I/M Strandmore.  I again ordered the inmates to get down.  All inmates got down and responding staff arrived.

7  Ex. 3, IER.

8  The IER includes the inmates' answers to Petitioner's

9  written questions.  Inmate Huffine stated that he had "no

10  information to add."  Inmate McCalley answered the following

11  questions posed by Petitioner:

12
13

> Q: Is it true that while I/M Strandmore and I/M Huffine engaged in a mutual combat I grabbed I/M Strandmore in an effort to break them up?

14

> A: Yes.

15
16

> Q: Is it true that after I grabbed I/M Strandmore you grabbed me?

17

> A. Yes.

18
19

> Q: Is it true that during this period no punches were thrown by me at you?  Nor was [sic] any thrown by you at me, or by I/M Strandmore at me?

20

> A: Yes.

21
22

> Q: During the videotape interview, is it true that you only admitted that it was a mutual combat between you and I just to get your cellie Funbure released?

23

> A: Yes.

24
25

> Inmate Strandmore answered the following questions posed

26  by Petitioner:

27

> Q: Is it true that only you and I were the two individuals engaged in a mutual combat?

28

**United States District Court**

For the Northern District of California

1

2

3

4

5

6

> A: Yes.
>
> Q: Is it true that you started the mutual combat?
>
> A: No comment.
>
> Q: Did anyone else hit or attempt to assault you?
>
> A: No one other than Huffine attempted to hit or assault me.

7   The RVR indicates that, at the hearing, Petitioner

8  requested that Inmates Strandmore and McCalley be called as

9  witnesses.  Resps' Ex. 5, RVR -- Part C, Hearing.  The Senior

10  Hearing Officer (SHO) asked Petitioner if either inmate would

11  provide additional information to what he provided in the IER, and

12  Petitioner stated, "No, I don't think so."  Id.  The SHO denied

13  Petitioner's request for witnesses on the ground that they would

14  have no additional testimony to provide.  The SHO called Officer C.

15  Riley and asked him the following questions:

16

17

18

19

20

> Q: Did it appear to you that Inmate Riley was attempting to break up the fight?
>
> A: No, that is not what it looked like to me.
>
> Q: Did you see Inmate Riley throw any punches?
>
> A: Yes.

21   The SHO asked Petitioner if he had any questions for

22  Officer Riley and Petitioner said, "No."  The SHO found, by a

23  preponderance of the evidence, that Petitioner was guilty of battery

24  on an inmate without serious injuries, based on the IER, Officer

25  Riley's testimony, and the medical reports.  Id.  The SHO stated:

26

27

> Inmate Riley's defense is found to be less creditable than that of the reporting employee. Inmate Riley states he attempted to break up the fight, however the CDC 7219 Medical Report of

28

**4**

1
2
3
4
5
6
7
8
9
10
11
12
13

> Injury for all inmates involved in the incident
> is consistent with the reporting employee's
> written account and testimony provided during
> the hearing.  Inmate Strandmore sustained
> swollen area to right eye area, and abrasion to
> left calf area active bleeding  [sic].  Officer
> Riley stated he observed inmates Riley and
> Huffine approached [sic] Inmate Strandmore and
> began to striking [sic] him with right and left
> fists, hitting Strandmore in the head and upper
> torso area. . . . Officer Riley stated Inmate
> Riley ran towards Inmate McCalley and began to
> punch him to the head and upper torso area.
> Inmate McCalley sustained abrasion/scratches and
> active bleeding behind right ear,
> bruise/discolored and swollen area to right eye,
> this would account for his injuries.  Inmate
> Huffine sustained swollen area to left eye brow.
> Officer Riley states that Inmate Strandmore
> fought back, this would account for the injury
> to Inmate Huffine.  Although Inmate Riley did
> not sustain any injuries the SHO finds it is
> possible that no injuries may have occurred as a
> result of striking and punching someone.

Id. at 2.

14
15
16
17
18
19
20
21
22
23
24
25
26
27

Petitioner filed administrative claims that he was denied his right to call witnesses at his disciplinary hearing and that the SHO improperly found that a preponderance of the evidence supported a finding of guilt.  On September 8, 2008, after Petitioner exhausted administrative remedies, he filed a habeas petition in the Kern County superior court, which was denied in a written order on November 7, 2008.  Ex. 7.  On January 27, 2009, Petitioner filed a petition for a writ of habeas corpus in the court of appeal, which issued a one-sentence denial on February 9, 2009.  Ex. 8.  On March 6, 2009, Petitioner filed a habeas petition in the California Supreme Court alleging his due process rights were violated because staff refused to let him call witnesses at the hearing, failed to properly document his questions to witnesses, and the guilty finding

28

was not supported by some evidence.  Ex. 9.  On May 13, 2009, the Court denied the petition. Ex. 10.

On December 1, 2009, Petitioner filed the instant habeas petition alleging the same claims he presented in his administrative appeals and his state habeas petitions.

II

A district court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts."  Williams v. Taylor, 529 U.S. 362, 412-13 (2000).  A state court decision is an

United States District Court

For the Northern District of California

**6**

"unreasonable application of" Supreme Court authority, falling under the second clause of § 2254(d)(1), if the state court correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." Id. at 413.

Under 28 U.S.C. § 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003). The court must presume correct any determination of a factual issue made by a state court unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1). As the Supreme Court explained: "[o]n federal habeas review, AEDPA 'imposes a highly deferential standard for evaluating state-court rulings' and 'demands that state-court decisions be given the benefit of the doubt.'" Felkner v. Jackson, __ U.S. __, 131 S. Ct. 1305, 1307 (2011) (citation omitted). Even if there is a constitutional error, habeas relief is not warranted unless the error had a substantial and injurious effect or influence in determining jury's verdict. Brecht v. Abrahamson, 507 U.S. 619, 637 (1993)

When applying these standards, the federal court should review the "last reasoned decision" by the state courts. Avila v. Galaza, 297 F.3d 911, 918 n.6 (9th Cir. 2002). Because the California court of appeal and Supreme Court summarily denied relief on Petitioner's claims, this Court looks to the California superior court's November 7, 2008 written decision denying Petitioner's

1   appeal.  Resps. Ex. 7, <u>In re: Shannon Riley</u>, Case No. HC10788A.

2       With these principles in mind regarding the standard and

3   scope of review on federal habeas, the Court addresses Petitioner's

4   claims.

5                                III

6                                 A

7       Petitioner claims that the denial of his request that

8   inmates Strandmore and McCalley testify at his disciplinary hearing

9   violated his due process rights.

10      An inmate in California is entitled to due process before

11  being disciplined when the discipline imposed will inevitably affect

12  the duration of his sentence.  <u>Sandin v. Conner</u>, 515 U.S. 472, 484,

13  487 (1995).  The process due in such a prison disciplinary

14  proceeding includes written notice, time to prepare for the hearing,

15  a written statement of decision, allowance of witnesses and

16  documentary evidence when not unduly hazardous, and aid to the

17  accused where the inmate is illiterate or the issues are complex.

18  <u>Wolff v. McDonnell</u>, 418 U.S. 539, 564-67 (1974).  The Due Process

19  Clause only requires that prisoners be afforded those procedures

20  mandated by <u>Wolff</u> and its progeny; it does not require that a prison

21  comply with its own, more generous procedures.  <u>Walker v. Sumner</u>, 14

22  F.3d 1415, 1419-20 (9th Cir. 1994), <u>abrogated on other grounds by</u>

23  <u>Sandin</u>, 515 U.S. 472.  Thus, the relevant inquiry on habeas review

24  is not whether the prison complied with its own regulations, but

25  whether it complied with the due process requirements established in

26  <u>Wolff</u>.  <u>Id.</u> at 1420.

27      The superior court, citing California Code of Regulations

28
                                   8

United States District Court
For the Northern District of California

(CCR), title 15, section 3315(e)(1)(B), denied this claim on the ground that the inmates' answers to Petitioner's questions were included in the IER, and Petitioner stated that these inmates had nothing new to add.  Resps. Ex. 7, In re Riley, HC10788A at 2.

Title 15, section 3315(e)(1)(B) of the California Code of Regulations provides that an inmate may request that witnesses attend his or her disciplinary hearing, but that the official conducting the hearing may deny the request if he determines that the witnesses have no relevant or additional information.  Here, the RVR Report states that the SHO asked Petitioner if either of his two requested witnesses would provide any information they had not already provided in the IER, and Petitioner responded, "No, I don't think so."  Petitioner fails to point to evidence disputing that he responded to the SHO in this manner.  Given that Petitioner stated that his witnesses would not provide new information, the SHO properly denied Petitioner's request to have them testify pursuant to CCR § 3315(e)(1)(B).  Because the SHO met the more stringent state requirements, his conduct satisfies the less stringent Wolff due process requirement.  Furthermore, because the SHO was aware of and considered these witnesses' testimony, Petitioner was not prejudiced by the SHO's decision not allowing them to appear.  Thus, even if there was constitutional error, habeas relief is not warranted because the decision did not have a substantial and injurious effect on the outcome of the hearing as required by Brecht.  See Brecht, 507 U.S. at 637 (error cannot support habeas relief unless it had a substantial and injurious effect or influence in determining the outcome of the proceeding).

United States District Court
For the Northern District of California

1   Petitioner also claims that the statements of his
2   questions for inmate Strandmore were not documented by the
3   investigating officer.  However, because Petitioner stated that
4   Strandmore would not provide any additional information at the
5   hearing, Petitioner was not prejudiced by any lack of documentation.
6   Thus, any error was harmless.  See id.

7   Accordingly, the state court's denial of this claim was
8   not contrary to or an unreasonable application of Supreme Court
9   authority or an unreasonable determination of the facts.  This claim
10  for habeas relief is denied.

11                          B

12  Next, Petitioner claims that the guilty finding was not
13  supported by a preponderance of the evidence.  The revocation of
14  good-time credits does not comport with the minimum requirements of
15  procedural due process in Wolff unless the findings of the prison
16  disciplinary decision-maker are supported by "some evidence" in the
17  record.  Superintendent v. Hill, 472 U.S. 445, 454 (1985).  There
18  must be "some evidence" from which the conclusion of the
19  decision-maker could be deduced.  Id. at 455.  An examination of the
20  entire record is not required nor is an independent assessment of
21  the credibility of witnesses or weighing of the evidence.  Id.  The
22  relevant question is whether there is any evidence in the record
23  that could support the conclusion reached by the disciplinary
24  decision-maker.  Id.  This standard is considerably lower than that
25  applicable in criminal trials.  Id. at 456.  It is also lower than
26  the preponderance of the evidence standard that must substantiate a
27  charge before guilt may be found at a prison disciplinary hearing.

28                          10

United States District Court
For the Northern District of California

1  See Cal. Code Regs. title 15, section 3320(1).

2        Petitioner's claim that guilt was not supported by a

3  preponderance of the evidence mistakes the evidentiary standard for

4  a disciplinary hearing with the standard that must be found by a

5  reviewing habeas court.  As discussed above, to satisfy Wolff's due

6  process requirements, the finding of guilt by the disciplinary

7  decision-maker must be supported only by some evidence.

8        The state court correctly identified the "some evidence"

9  standard as the standard for judicial review and reasonably applied

10 it.  Ex. 7 at 1.  The state court noted that the SHO relied upon the

11 IER report, Officer Riley's testimony at the disciplinary hearing

12 and the medical reports, and that this constituted the "some

13 evidence" necessary to support the finding of guilt.  The court

14 cited the following specific evidence that supported the SHO's

15 finding of guilt: the RVR stated that Petitioner was in the day room

16 at the prison, that he and his cell mate were observed striking

17 inmate Strandmore in the head and upper torso area with closed

18 fists, that inmate Strandmore fought back, that Petitioner did not

19 obey the officer's order to stop fighting and continued to fight

20 Inmate McCalley, punching him in the head and upper torso.  Also,

21 the medical reports showed that Strandmore had injuries that

22 supported these observations.  The state court's findings are a

23 reasonable determination of the facts based upon the evidentiary

24 record before it.

25       Accordingly, the state court's conclusion that some

26 evidence supported the SHO's finding of guilt is not contrary to or

27 an unreasonable application of federal authority or an unreasonable

28
                              11

determination of the facts in light of the state record.  Therefore, habeas relief on this claim is not warranted.

IV

For the foregoing reasons, the Petition for a Writ of Habeas Corpus is DENIED.

Further, a Certificate of Appealability is DENIED.  <u>See</u> Rule 11(a) of the Rules Governing Section 2254 Cases.  Petitioner has not made "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Nor has Petitioner demonstrated that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).  Petitioner may not appeal the denial of a Certificate of Appealability in this Court but may seek a certificate from the Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.  <u>See</u> Rule 11(a) of the Rules Governing Section 2254 Cases.

The Clerk is directed to enter Judgment in favor of Respondent and against Petitioner, terminate any pending motions as moot and close the file.

IT IS SO ORDERED.

DATED     _08/20/2012_

THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\HC.10\Riley-10-115-HC Deny.wpd

12